MIDDLETON *versus* HOLMES.

QUESTIONS IN THIS CASE.

*Relative to averments in a declaration in trespass, for killing a slave.*
*Relative to pleas, in such action.*

1. In an action of trespass, for killing a slave, it is necessary to aver, in the declaration, that the party killing, has been tried under an indictment for the felony.

2. It is no defence in an action of trespass, for killing a slave, that the slave fled from the party killing, who, as a constable, was, by warrant, endeavoring to arrest the slave, on a charge of having committed misdemeanors.

This was an action of trespass, for killing a slave, prosecuted by Holmes, in Pickens Circuit Court, against the plaintiff in error. The declaration was in the usual form; and contained no averment, that the defendant had been tried by the State, for the offence.

To the action, the defendant plead several pleas, to one of which the plaintiff demurred. The defence relied on, in this plea, was, that the defendant, being a constable, had received a warrant from a justice of the peace, commanding him to arrest the slave, on a charge of being at large, without a pass; with wearing weapons; and with way-laying the path of one Mise. That, in proceeding to arrest the slave, under these warrants, he had fled; and that the killing had been perpetrated, under these circumstances.

The Court sustained the demurrer to this plea;

but, instructed the jury, that the defendant could not be permitted to avail himself of the principle of justification, because there was no plea of justification; and because there was no proof, that the slave contemplated any act of violence toward the defendant: and the jury found for the plaintiff.

Exceptions, and writ of error, to this Court.

*Wilson*, for the plaintiff in error; *Ellis & Peck*, contra.

HOPKINS, J. — This was an action of trespass, which was brought against the plaintiff in error, by Thomas Holmes, for killing his slave. After a demurrer to the pleas of the defendant to the action, had been sustained by the Court, a final judgment was rendered upon a verdict on the general issue, against him. That the Court erred, in the judgment on demurrer, is one of the errors which have been assigned.

It is an established rule, that, upon a demurrer to a defective plea, the Court ought to give judgment against the plaintiff, if his declaration be defective in substance. All the facts necessary for the maintenance of the action, should be stated in the declaration.[a]

The trespass complained of, consisted in the slaying of a human being—an act, which is a felony, in legal presumption; and the excellent policy of the law, prevents the person injured, by the trespass, from seeking his own redress, till it shall be ascertained and determined, by the proper tribunal, what the

[a] 6 Com. Di 54; Tit. Pl. C 22, 65; C 34.

justice of the State, requires of the accused, for the the deed. If the law were otherwise, persons injured, would often obtain compensation, for such trespasses, upon an agreement not to complain of the public wrong; and reparation would be made for the civil injury, to escape the justice of the country.

The trespass was merged in the felony, till the party should be tried for it. After a trial, for the felony, whether it terminated in acquittal or conviction, an action could be maintained against the defendant, for the trespass.[a]

No one doubts, but it ought to be stated, in the declaration, as it is in the one in this case, that the slave was the property of the plaintiff. If this statement were omitted, it might as well be inferred, that the person slain, was a freeman, as that he was a slave. The legal presumption would be, that he was free; the effect of which, upon a demurrer, would entitle the defendant to a judgment, on the ground, that the plaintiff showed no right to the action. As the right of the plaintiff to the action arises from the satisfaction of the demand of the State, which can be had in a trial, only, the fact that makes the defendant liable to him, is material, for the maintenance of the action, and ought to have been averred in the declaration. Had the acquittal of the defendant been stated in the declaration, he would have had a right to prove, as a defence, either under a special plea, or the general issue, that it was obtained by collusion with the plaintiff.

The declaration, in this case, gave him no notice, that it might become necessary to prove the fact, if it existed, and to prepare to do so. If the defendant

has not been tried for the felony, and should never be, he will never be liable to the plaintiff. If, from the facts stated in a declaration, two intendments can be made, the one which is against the plaintiff, must be made.[a]

*6Com.Di-
Tit. Plead.
54, (C.22.)*

If, therefore, it could, as fairly be inferred, from the facts in the declaration, that the defendant had been acquitted or convicted of the felony, as that neither event had happened, the judgment upon the demurrer should have been for him, on the last principle, which we have stated. The defendant ought not to have been required to try an issue, involving facts, that he did not wish to deny, and upon the trial of it, to have been affected by evidence of other facts, which the issue gave him no notice, would be proved.

We have been referred to a case in 2nd Haywood, 108, in which it was decided, that, in an action of trespass, for killing a slave, commenced before the trial of the indictment for the felony, it might be proved, the defendant had been acquitted ; and that, upon such proof, the plaintiff would be entitled to recover. It must be inferred from the decision, that the Court, which made it, would not have required the averment of the acquittal, in the declaration—as it could not have been known, when that suit was commenced, whether acquittal or conviction, would be the consequence of the indictment. If the evidence be competent, under such circumstances, the plaintiff would be entitled to continue his own cause, until after the termination of the prosecution for the offence, if he could show, that he had used due diligence, in attending to the latter.

But we can not yield the conviction of our judgment, to an opinion not sustained by any authority, and supported by no reason. No principle is better settled, than that, if it appear, from the declaration, that the cause of action accrued after the commencement of the suit, the defect will be fatal, even after verdict.[a] Evidence, which shows that the cause of action arose after the commencement of the suit, is inadmissible.

The rule, in relation to declarations upon agreements, within the statute of frauds, which has been relied on, to show the sufficiency of the declaration, in this case, has no application. In such cases, it is not necessary to allege, that the agreement was in writing—that being matter of evidence, only; but, it is necessary to allege all the parts of such an agreement, necessary to give a right of action upon it; and if it contain a condition precedent, to be performed by the plaintiff or a third person, an averment of the performance of that, would be necessary. The question of the competency of evidence, to prove the facts in issue, is distinct from that of what allegations are material.

The pleas, to which the demurrer was taken, contain no justification for killing the slave. The warrants, upon which the plaintiff in error arrested the slave, contain no charge of a felony at common law, or under any statute, against him.—They charge him with misdemeanors, merely. The warrants were copied in the pleas—form part of them, and gave Middleton the only authority he showed, to

---

[a] Johnson's Repor.. vol. 3 p 42—vol. 10, ib. p 119—Johnson's Cases, vol. 2 p 52—1 Serg't & Rawle, 202—2 Binney, 287.

make the arrest. He was not justifiable in killing the slave, who was flying from him, and whose only object was to escape.[a]

We think there is no error in the instructions of the Circuit Court; or in the refusal to give those which were asked.

Let the judgment be reversed, and the cause remanded.

COLLIER, J., having presided below, did not sit.

[a] Arch. Cr, Pl334;Fos. 271;1Hale, 481;2ib 117